# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUBIN BROWN, | : |
| Plaintiff, | : No. 3:19-cv-01087 |
| v. | : (Saporito, M.J.) |
| LEA MARTIN and LAWRENCE MAHALLY, | : |
| Defendants. | : |

## MEMORANDUM

This is a *pro se* prisoner civil rights action. At the time of the alleged injury the plaintiff, Rubin Brown, was incarcerated at the State Correctional Institution at Dallas (SCI-Dallas) which is located in Luzerne County, Pennsylvania. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. 7).

Brown initiated this action on May 20, 2019, by filing a complaint in the Court of Common pleas of Luzerne County, Pennsylvania, which

was removed to this court on June 25, 2019.[1] In the complaint, Brown alleged that he brought this suit under Pennsylvania's Medical Care Availability and Reduction of Error (MCARE) Act, 40 P.S. § 1303.503, "to redress the deprivation, under color of state law, of rights secured by the Constitution of Pennsylvania and the United States." (Doc. 1-1 ¶ 1.)[2] Brown named two defendants: Lawrence Mahally, a former superintendent at SCI-Dallas, and Leah Martin, the health care administrator at SCI-Dallas. The complaint alleges that on August 10, 2018, Brown sustained an injury to his right foot while playing basketball and, despite his request for a "sick-call" on the date of the injury, three days later, while at the "sick-call," he did not receive any medical treatment. (*Id.* ¶¶ 8-9.) In the complaint, he alleged that his Eighth Amendment rights under the Constitution were violated. (*Id.* ¶¶ 24, 26-

---

[1] The underlying state action is *Brown v. Mahally*, Docket No. 2019-05766 (Luzerne Cty. (Pa.) C.C.P. filed May 20, 2019).

[2] Based on his repeated references to the Eighth Amendment, we have construed Brown's complaint as a federal civil rights action. *Mala v. Crown Bay Marina*, 704 F.3d 239, 244-46 (3d Cir. 2013) (discussing a court's obligation to liberally construe pro se pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants). The cited Pennsylvania statute pertains to medical professional liability, but neither of the named defendants is alleged to be a licensed medical professional.

27, 31.)

Pending before us is the defendants' motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. 8.) For the reasons set forth herein, we will grant the motion.

## I. *Statement of Facts*

Brown is an inmate at SCI-Dallas. He alleged that he received a right foot injury while playing basketball on August 10, 2018. (Doc. 1-1 ¶ 8.) Upon returning to his housing unit, he submitted a "sick-call" request form. (*Id.*) Three days later, he was called for the sick-call where he alleged that he received "absolutely no medical treatment." (*Id.* ¶ 9.) On August 16, 2018, he returned to the medical department for an x-ray of his foot. (*Id.* ¶ 10.) An unidentified non-party physician assistant (the "PA") told him the x-ray showed structural damage to his foot and suggested that he should be seen by a foot specialist. The PA wrapped his foot with an ace bandage, gave him crutches, and advised him to stay-off his foot. (*Id.*)

On September 7, 2018, the medical department replaced his crutches with an "ill-fitting" walking boot. (*Id.* ¶ 11.) Despite his

3

complaints to the contrary, an unidentified non-party nurse took his crutches from him. (*Id.*) On September 24, 2018, it is alleged that another set of x-rays confirmed that the structural damage to his foot worsened. (*Id.* ¶ 12.) He was informed he would be seen by a foot specialist and he was denied the use of crutches. (*Id.*)

On October 2, 2018, Brown was seen by an unidentified non-party foot specialist who allegedly informed him that the injury had worsened, requiring further medical treatment. (*Id.* ¶¶ 13-15.) He further alleged that the foot specialist informed him that the medical staff committed "gross negligence" by forcing him to wear a walking boot while his foot remained broken. (*Id.* ¶ 15.)

Thereafter, Brown filed a grievance. On October 25, 2018, the grievance was denied by defendant Martin, the health care administrator responsible for the administration of prompt, proper, and adequate health care services to all inmates and to confirm that all staff are properly trained and possessed with medical knowledge and skill. (Doc. 1-1 ¶¶ 5,17.) After appealing this decision, facility manager, defendant Mahally, a former superintendent of SCI-Dallas, upheld the denial of

Brown's inmate appeal on December 3, 2018. (*Id.* ¶¶ 4, 18-19.)

The defendants have moved to dismiss this action for failure to state a claim. (Doc. 8). The matter is fully briefed and ripe for a decision. (Doc. 9; Doc. 10; Doc. 18; Doc. 19.)

## II.   *Legal Standards*

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the

complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. Sept. 25, 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

## *III. Discussion*

In his complaint, Brown alleged that the defendants violated his constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution. The crux of Brown's complaint is that he did not receive timely or proper medical care to treat his right ankle for an injury during a basketball game at SCI-Dallas. Neither defendant is alleged to have been involved with Brown's medical treatment. The defendants now move for dismissal for failure to state a claim upon which

6

relief can be granted under Fed. R. Civ. P. 12(b)(6).

## A. Section 1983 / Eighth Amendment Claim

*Pro se* litigants' "pleadings, like the plaintiff's, are held to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In interpreting the pleadings of *pro se* litigants, the Third Circuit has held that courts "have a special obligation to construe [the] complaint liberally." *Higgs v. Attorney Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Thus, we have construed the complaint as stating that the plaintiff has asserted a federal civil rights claim against the defendants under 42 U.S.C. § 1983. Section 1983 provides a private cause of action with respect to the violation of federal constitutional rights. The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of*

7

*Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, a plaintiff must establish that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fischer*, 423 F.3d 347, 353 (3d Ci. 2005).

It is well established that "[a] defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.' " *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (internal citations omitted). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). An allegation seeking to impose liability on a defendant based on

8

supervisory status, without more, will not subject the official to § 1983 liability. *Padilla v. Beard*, No. CIV. 1:CV-06-0478, 2006 WL 1410079, at *3 (M.D. Pa. May 18, 2006); see *also Rode*, 845 F.2d at 1208.

Here, the only conduct alleged with respect to the two named defendants, Martin and Mahally, is their denial of the plaintiff's grievance and grievance appeal. The filing of a grievance is not sufficient to show the actual knowledge required for personal involvement. Moreover, participation in the after-the-fact review of a grievance is not enough to establish personal involvement. *See Pressley v. Beard*, 266 Fed. App'x 216, 218 (3d Cir. 2008) (per curiam) ("The District Court properly dismissed these [supervisory] defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); *Brooks v. Beard*, 167 Fed. App'x 923, 925 (3d Cir. 2006) (per curiam) (holding that allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation); *Ramos v. Pa. Dep't of Corr.*, No. CIV. 4:CVB06B1444, 2006

WL 2129148, at *3 (M.D. Pa. July 27, 2006) ("[C]ontentions that certain correctional officials violated an inmate's constitutional rights by failing to follow proper procedure or take corrective action following his submission of an institutional grievance are generally without merit."); *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998) (noting that prison officials' failure to respond to inmate's grievance does not state a constitutional claim).

Accordingly, we find that Brown has failed to plausibly allege personal involvement by either defendant, and thus we will grant the motion to dismiss.

### B. Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Here, it is clear from the facts alleged in the *pro se* complaint that any attempt to amend the plaintiff's §1983 claims against these

10

defendants would be futile. *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Therefore, we will dismiss the plaintiff's §1983 claims <u>without</u> leave to amend.

### C. State Law Claims

In addition to his federal civil rights claims, the complaint may be liberally construed to assert a state-law claim of ordinary negligence against Martin and Mahally. But where a district court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the Court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ordinarily, when all federal law claims have been dismissed and only state-law claims remain, the balance of these factors indicates that these remaining claims properly belong in state court. (*Id.*) at 350. Finding nothing in the record to distinguish this case from the ordinary one, the balance of factors in this case "points[s] toward

declining to exercise jurisdiction over the remaining state law claims." *See id.* at 350 n.7. Therefore, Brown's state-law ordinary negligence claims will be remanded to the Court of Common Pleas of Luzerne County, Pennsylvania, for further proceedings on the surviving state-law claims. *See id.* at 357.

## *IV. Conclusion*

For the foregoing reasons, the defendants' Rule 12(b)(6) motion to dismiss (Doc. 8) shall be granted, the plaintiff's §1983 claims shall be dismissed, and the plaintiff's remaining state-law claims shall be remanded to state court.

An appropriate Order follows.

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: January 27, 2020

12